ORIGINAL FILED 05 AUG -4 AM 9:09 CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA E-Filing

**STEVEN AMES BROWN**
Entertainment Law 83363
69 Grand View Avenue
San Francisco, California 94114-2741
415/647-7700 Telephone
415/285-3048 Fax
sabrown@entertainmentlaw.com

Attorney for plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JL

C 05 3155

GUY TODD WILLIAMS,
NATHANIEL GLOVER,
MELVIN GLOVER,
EDDIE MORRIS,

Plaintiffs,

vs.

SUGAR HILL MUSIC PUBLISHING, LTD, NEWPORT NEWS MUSIC, INC.,

Defendants.
_______________________________/

Civil No.

COMPLAINT

DEMAND FOR TRIAL BY JURY.

1. Jurisdiction. Plaintiffs Guy Todd Williams and Nathaniel Glover are residents of New York. Plaintiff Melvin Glover is a resident of California. Plaintiff Eddie Morris is a resident of Georgia. Both defendants are organized under the laws of New Jersey and are residents of New Jersey. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(a)(1)&(2).

2. Intradistrict Assignment. The intellectual property at issue is controlled from within San Francisco County.

3. At all times herein alleged plaintiffs were citizens of the United States.

4. These plaintiffs previously sued these defendants in *Williams v. Smith*, USDC ND CA C-00-02249-CRB. On April 2, 2002 a settlement conference was held before the Honorable Magistrate Judge Maria-Elena James. The parties read into the record a complete settlement of all claims raised by the action. The parties agreed that Magistrate Judge Maria-Elena James would retain jurisdiction to enforce the agreement.

5. Plaintiffs have complied with all covenants and conditions of the settlement agreement.

6. The defendants have breached the agreement in at least the following regards:

A. They have licensed plaintiffs' portion of the subject copyright without plaintiffs' consent;

B. They have collected income allocable to plaintiffs' portion of the subject copyright without remitting all of same to plaintiffs.

C. They have licensed the subject copyright for use in derivative works under agreements whereby they became owners of the copyrights therein to the exclusion of plaintiffs.

D. They have refused to confer with plaintiffs on the appointment of foreign sub-publishers.

7. As a direct and proximate result of defendants' conduct, plaintiffs have been damaged in a sum in excess of $75,000.00, exclusive of interest.

8. Additionally the settlement appoints the Honorable Maria-Elena James the sole arbiter to appoint a sub-publisher if the parties cannot agree.

WHEREFORE, plaintiffs pray judgment as follows:

1. For general damages in excess of $75,000.00
2. For an accounting of plaintiffs' share of any income from the subject copyright;
3. For an order appointing a foreign sub-publisher;
3. Such other relief as the Court may deem proper;
4. Plaintiffs demand a trial by jury.

Dated: August 4, 2005

Respectfully submitted,

STEVEN AMES BROWN,
Attorney for plaintiffs